UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**WILLIAM SWARVAR,**

    Plaintiff,

-vs-                                  CASE NO:
                                      HONORABLE:

**MUSKEGON CHARTER TOWNSHIP,**
**MATTHEW ANDERSON, and JOSEPH**
**LUCE, in their individual and official capacities,**

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

THERE ARE NO OTHER PENDING OR RESOLVED ACTIONS ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THIS COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **WILLIAM SWARVAR**, by and through his attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of White Cloud, County of Newaygo, State of Michigan.

2. Defendant Muskegon Charter Township is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

1

3. That individually-named Defendant Matthew Anderson is and/or was a police officer employed by the Muskegon Charter Township Police Department and was acting under the color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

4. That individually-named Defendant Joseph Luce is and/or was a police officer employed by the Muskegon Charter Township Police Department and was acting under the color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

5. All events giving rise to this lawsuit occurred in the Charter Township of Muskegon, County of Muskegon, State of Michigan.

6. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment and Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983 as well as state law claims.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. On or about December 24, 2012, Plaintiff and his girlfriend were asleep in their apartment.

11. That sometime thereafter, Plaintiff's girlfriend awoke to find Plaintiff having a seizure.

12. That Plaintiff's girlfriend called 911 and the Muskegon County Fire Department and Pro Med EMS services arrived.

13. By the time the first responders arrived, Plaintiff seemed to have recovered from his seizure and was walking around his apartment although he was confused and dazed as a result of the seizure.

14. Despite Plaintiff's need of medical attention, the individual Defendants were dispatched to Plaintiff's resident, upon information and belief, to force medical treatment upon him.

15. When the Defendant Luce and Defendant Anderson arrived, Plaintiff was walking around his apartment and not engaged in any unlawful activities whatsoever.

16. That Defendant Luce and Defendant Anderson entered Plaintiff's apartment and ordered him to seek medical treatment even though Plaintiff did not need said treatment.

17. That even though Plaintiff was no harm to anyone, including himself, Defendant Luce forcefully grabbed Plaintiff's arm without any justification whatsoever.

18. Defendant Anderson then tazed Plaintiff in the chest for no justification whatsoever.

19. That Plaintiff was subsequently tazed approximately three more times, as well as pepper sprayed, but Defendant Anderson for no legal justification whatsoever and without warning.

20. That Defendant Luce and Defendant Anderson subsequently threw Plaintiff to the ground, forcefully slammed his head into the cement porch, and unjustly kneed his face as well.

21. Plaintiff was subsequently transported to Hackley Hospital for treatment of his injuries.

22. As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. At all relevant time herein, the individually-named Defendants were acting under the color of law, within the course and scope of their employment, and in their individual and official capacities.

25. The individually-named Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures, mainly to be free from the excessive use of force, when the individually-named Defendants employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

26. The actions/inactions of the individually-named Defendants were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment of the United States Constitution, and proximately resulted in injuries and damages to Plaintiff.

27. The individually-named Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from the excessive use of force.

28. As a proximate result of individually-named Defendants' violation and/or deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees

pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## DEFENDANT MUSKEGON CHARTER TOWNSHIP'S CONSTITUTIONAL VIOLATIONS

29. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. Defendant Muskegon Charter Township acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

31. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    c. Failing to supervise, review, and/or discipline police officers whom Defendant Muskegon Charter Township knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    d. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

32. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

33. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

34. As a direct and proximate result of Defendant Muskegon Charter Township's violations and/or deprivations of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Amy J. DeRouin**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated: December 18, 2014
*AJD/aml*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**WILLIAM SWARVAR,**

    Plaintiff,

-vs-                              CASE NO:
                                    HONORABLE:

**MUSKEGON CHARTER TOWNSHIP,**
**MATTHEW ANDERSON, and JOSEPH**
**LUCE, in their individual and official capacities,**

    Defendants.

| |
|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com |

## **DEMAND FOR TRIAL BY JURY**

    **NOW COMES** Plaintiff, **WILLIAM SWARVAR**, by and through his attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and hereby makes a demand for trial by jury in the above-entitled cause.

                                                Respectfully Submitted,
                                                CHRISTOPHER TRAINOR & ASSOCIATES

                                                **s/ Amy J. DeRouin**
                                                CHRISTOPHER J. TRAINOR (P42449)
                                                AMY J. DEROUIN (P70514)
                                                Attorneys for Plaintiff
                                                9750 Highland Road
                                                White Lake, MI  48386
                                                (248) 886-8650
Dated: December 18, 2014             amy.derouin@cjtrainor.com
*AJD/aml*