UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**WILLIAM SWARVAR,**

    Plaintiff,

-vs-                                            CASE NO: 1:14-cv-1302
                                                    HON.: PAUL L. MALONEY

**MUSKEGON CHARTER TOWNSHIP,
MATTHEW ANDERSON, and JOSEPH
LUCE, in their individual and official capacities,**

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>BRADLEY R. JOHNSON (P75416)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com<br>brad.johnson@cjtrainor.com | WILLIAMS HUGHES PLLC<br>DOUGLAS M. HUGHES (P30958)<br>HORIA RAZVAN NEAGOS (P73550)<br>Attorneys for Defendants<br>120 W. Apple Avenue<br>PO Box 599<br>Muskegon, MI 49443-0599<br>231-727-2119<br>231-727-2130-fax<br>doughughes@williamshugheslaw.com<br>hrn@williamshugheslaw.com |
| McGRAW MORRIS, PC<br>G. GUS MORRIS (P32960)<br>Attorneys for Defendants<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, MI 48084-3433<br>248-502-4000<br>248-502-4001-fax<br>gmorris@mcgrawmorris.com | |

## JOINT STATUS REPORT

      A Rule 16 Scheduling Conference is scheduled for May 1, 2015 at 10:30 a.m. before Hon. Paul L. Maloney. Appearing for the parties as counsel will be: Bradley R. Johnson, Esq. on behalf of the Plaintiff, and G. Gus Morris, Esq. on behalf of Defendants.

1) <u>Jurisdiction</u>

The basis for the Court's jurisdiction is 28 U.S.C. §1331 [federal question] and 28 U.S.C. §1343 [civil rights] for violations of the Fourth Amendment and a *Monell* claim relating to Defendant Muskegon Charter Township.

2) <u>Jury or Non-Jury</u>

This case is to be tried before a jury.

3) <u>Judicial Availability</u>:

The parties do not agree to have a United States Magistrate Judge to conduct any and all further proceedings in the case, including trial and to order the entry of final judgment.

4) <u>Geographic Transfer</u>:

It is the parties' position that a geographic transfer for geographic convenience is not warranted in this case.

5) <u>Statement of the Case</u>:

**Plaintiff's Statement of the Case**

This case involves the use of excessive force against Plaintiff William Swarvar in violation of the Fourth Amendment of the United States Constitution against Defendants Matthew Anderson and Joseph Luce as well as Defendant Muskegon Charter Township reckless indifference in practicing and/or permitting customs, policies, and/or practices that resulted in the constitutional violations.

On or about December 24, 2012, Plaintiff and his girlfriend were asleep in their apartment. That sometime thereafter, Plaintiff's girlfriend awoke to find Plaintiff having a seizure. That Plaintiff's girlfriend called 911 and the Muskegon County Fire Department and Pro Med EMS services arrived. By the time the first responders arrived, Plaintiff seemed to have

recovered from his seizure and was walking around his apartment although he was confused and dazed as a result of the seizure.

Despite Plaintiff's need of medical attention, the individual Defendants were dispatched to Plaintiff's residence, upon information and belief, to force medical treatment upon him. When the Defendant Luce and Defendant Anderson arrived, Plaintiff was walking around his apartment and not engaged in any unlawful activities whatsoever. Defendant Luce and Defendant Anderson entered Plaintiff's apartment and ordered him to seek medical treatment even though Plaintiff did not need said treatment.

Even though Plaintiff was no harm to anyone, including himself, Defendant Luce forcefully grabbed Plaintiff's arm without any justification whatsoever. Defendant Anderson then tazed Plaintiff in the chest for no justification whatsoever. Plaintiff was subsequently tazed approximately three more times, as well as pepper sprayed, by Defendant Anderson for no legal justification whatsoever and without warning. Defendant Luce and Defendant Anderson subsequently threw Plaintiff to the ground, forcefully slammed his head into the cement porch, and unjustly kneed his face as well.

As a result of Defendants' constitutional violations, Plaintiff has brought the following causes of action: (1) Excessive Force as to Defendants Luce and Anderson—Fourth Amendment and (2) *Monell* claim as to Defendant Muskegon Charter Township.

**Defenses of Defendants:**

On December 24, 2012, at approximately 1:12 a.m., Plaintiff's girlfriend, Tiffany Grover, called 911 because Plaintiff was seizing. The Muskegon Township Fire Department responded. Officer Matthew Anderson and Officer Joseph Luce were then dispatched in response to Muskegon Township Fire Department requesting assistance at Plaintiff's apartment due to

Plaintiff's combativeness.  When the officers arrived at the apartment, they were told by the EMS attendants and the firemen that the Plaintiff needed to go to the hospital for his seizures and other unknown medical conditions, i.e., Plaintiff appearing to be under the influence of controlled substances.  Plaintiff's girlfriend had told them that Plaintiff had been in methadone clinics for using unknown substances.

Officers Anderson and Luce entered the apartment and tried to talk to Plaintiff.  Plaintiff was running around the apartment; jumping on furniture; and going in and out of various rooms, despite the officers' verbal instructions to Plaintiff to calm down.  Officer Luce grabbed the Plaintiff's arm in an attempt to take him outside to the ambulance.  Plaintiff pulled away from him and then walked aggressively towards him, at which time Officer Luce was forced to push Plaintiff away.  Plaintiff then pushed Officer Luce.  Plaintiff was ordered not to touch Officer Luce and to get into the ambulance.  Plaintiff again walked toward Officer Luce in a threatening manner. Officer Luce again pushed him away.  Plaintiff then again pushed Officer Luce.  At this time, Officer Anderson deployed his taser, hitting Plaintiff in the chest.  Plaintiff stood up, screamed, turned around, broke the taser wires and attempted to push the door closed on the officers.  Officer Luce was able to open it, reached through the door and deployed his taser, hitting Plaintiff in the chest.  This had no effect on Plaintiff and he ran outside, breaking the taser wires.  Officer Luce deployed another taser cartridge, hitting Plaintiff in the back.  Plaintiff went down to his knees.  The police officers, firemen and EMS attendants attempted to restrain Plaintiff, but Plaintiff continued to fight and resist.  Officer Anderson then sprayed Plaintiff with pepper spray.  This also had little or no effect on Plaintiff.  However, the officers were then able to handcuff Plaintiff with the assistance of the EMS attendants and the firemen, and Plaintiff was placed in an ambulance and transported to Hackley Hospital, where he was admitted.  Plaintiff

4

continued to fight with hospital staff and the police officers in the hospital room. The police officers assisted the hospital staff by holding Plaintiff down.

Plaintiff was charged with assaulting, resisting and obstructing Officer Luce. It is defense counsel's understanding that Plaintiff pled no contest to attempted assaulting, resisting and obstructing in exchange for dismissal of the charge of assaulting, resisting and obstructing a police officer.

Officers Luce and Anderson only used that amount of force reasonably necessary under the circumstances to gain control of Plaintiff and in response to Plaintiff's assault. The officers did not violate Plaintiff's constitutional rights and their actions were at all times objectively reasonable, which entitles them to qualified immunity.

Furthermore, the Charter Township of Muskegon is not liable to Plaintiff as there was no constitutional violation and there was no practice, policy or procedure which caused a constitutional violation. For this same reason, the officers are not liable to Plaintiff in their official capacities.

6)   Pendent State Claims

This case does not include pendent state claims.

7)   Joinder of Parties and Amendment of Pleadings

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **June 15, 2015**. As of this writing, the parties are not aware of the need to join any parties or amend the pleadings. However, the parties reserve the right to do so, if the need arises during the course of discovery.

8) <u>Disclosures and Exchanges</u>

(i) Fed R. Civ P. 26(a)(1) requires initial disclosures unless the court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

(ii) The Plaintiff expects to be able to furnish the names of plaintiff's expert witnesses by **August 14, 2015**. Defendants expect to be able to furnish the names of the Defendants' expert witnesses by **September 15, 2015**.

(iii) The parties will exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). reports, if required, should be exchanged according to the following schedule:

Plaintiff's Expert Disclosure Reports will be due on **October 15, 2015**.

Defendants' Expert Disclosure Reports will be due on **November 16, 2015**.

(iv) The parties are unable to agree on voluntary production at this time.

9) <u>Discovery</u>

The parties believe that all discovery proceedings can be completed by **February 15, 2016.** The parties recommend the following discovery plan:

The parties expect that the subjects on which discovery may be needed include: liability, causation, and damages. At this time, the parties do not anticipate the need to recommend any additional limitations on discovery.

10) <u>Disclosure or Discovery of Electronically Stored Information</u>

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties anticipate that most discovery will be produced in paper format. Should one party request the production of electronically stored information ("ESI") and if there exists any ESI responsive to a party's discovery request, the parties agree to negotiate in good faith over: (1) the form of the production (ESI, paper, or

both), (2) whether any ESI will be produced in its native format or some other searchable format, (3) the expected volume of production, (4) the need for and use of a third-party vendor to assist in the retrieval search and/or production of ESI, (5) whether search terms should be used to limit or refine the ESI to be produced, and if so, (6) the search terms and methodologies to be employed.

11) <u>Assertions of Claims of Privilege or Work-Product Immunity After Production</u>

As of this date, the parties have not agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.

12) <u>Motions</u>

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d). The following dispositive motions are contemplated by each party: the parties contemplate a Motion for Summary Judgment. As indicated above, the parties will file their respective dispositive motions on or before **March 15, 2016**.

13) <u>Alternative Dispute Resolution</u>

The parties recommend that the case be submitted to the following method of non-binding alternative dispute resolution after the completion of further discovery: voluntary facilitative mediation.

14) <u>Length of Trial</u>

Counsel estimate the trial will last approximately 4 full days total, allocated as follows: 2 days for Plaintiff's case, 2 days for Defendants' case.

7

8

15)     Prospects of Settlement

The parties have not yet discussed the prospects of settlement to date. However, settlement cannot be evaluated prior to the commencement and/or the completion of discovery.

16)     Other

Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case: None.


**APPROVED BY:**


| | |
|---|---|
| s/Bradley R. Johnson | s/Gina U. Puzzuoli |
| Amy J. DeRouin (P70514) | G. Gus Morris (P32060) |
| Bradley R. Johnson (P75416) | Gina U. Puzzuoli (P37992) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 9750 Highland Road | 2075 W. Big Beaver Road, Suite 750 |
| White Lake, MI 48386 | Troy, MI 48084 |
| 248-886-8650 | (248) 502-4000 |
| | |
| Dated: April 28, 2015 | Dated: April 28, 2015 |